## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| TREASURE COAST CONTRACTING SERVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 05-0679-WS-M |
| | ) | |
| ELLICOTT DREDGES; BALTIMORE DREDGES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on defendants' Motion to Dismiss (doc. 3) pursuant to Rule 12(b)(3), Fed.R.Civ.P.  Defendants maintain that this action was brought in the improper venue because a forum selection clause in the parties' lease agreement for the subject dredging equipment binds them to bring any action arising out of such agreement in either state or federal courts in Maryland.  Because plaintiff filed this action in Alabama state court, in contravention of the forum selection clause, defendants contend, this action should be dismissed or, alternatively, transferred to the United States District Court for the District of Maryland.

On December 12, 2005, plaintiff Treasure Coast Contracting Services, LLC ("Treasure Coast") filed a Response to Defendants' Motion to Dismiss (doc. 14), in which Treasure Coast argued that the forum selection clause does not mandate transfer because it fails to identify Maryland courts as the exclusive forum for disputes arising out of the parties' agreement and because the forum selection clause is too narrow to encompass Treasure Coast's tort claim for fraudulent misrepresentation.  Defendants filed a reply brief (doc. 19) in which they argue at length that the Court should enforce the arbitration clause broadly, even though the relevant contractual provision in this case is a forum selection clause, not an arbitration provision.

Fortunately, the Court need not sift through this tangled mass of arguments in order to resolve the Motion to Dismiss.  On December 16, 2005, Treasure Coast's counsel of record, Daniel L. McCleave, filed a pleading styled "Renewed Notice of Appearance" (doc. 17), in which he represented to the Court that his client had "instructed [him] to consent to the requested

transfer of the case to the District Court of Maryland." (Notice, at 1.)  Furthermore,

notwithstanding that their Motion nominally seeks the more draconian remedy of dismissal,

defendants now concede that transfer is an appropriate and satisfactory remedy.  (Reply Brief, at

1.)

The parties being in agreement that this action should be transferred to federal court in

Maryland, and such an outcome appearing just, proper and efficient by virtue of the fact that the

parties are already litigating a second lawsuit in federal court in Maryland embracing all

substantive issues presented by Treasure Coast's Complaint here, the Court is of the opinion that

transfer of these proceedings is warranted pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).  The

Motion to Dismiss is due to be, and the same hereby is, **granted in part** and **denied in part**.  To

the extent that the Motion requests dismissal of this action for laying improper venue, the Motion

is **denied**, as such a harsh sanction is unwarranted and contrary to the interest of justice.  To the

extent that the Motion requests transfer of the action to the proper and more convenient venue in

Maryland, the Motion is **granted**.  Accordingly, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a),

and in the interest of justice, the Clerk of Court is hereby **directed** to **transfer** this action to the

United States District Court for the District of Maryland for further proceedings.


DONE and ORDERED this 22nd day of December, 2005.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE